THE BOARD OF DOMESTIC MISSIONS OF THE GERMAN REFORMED CHURCH IN AMERICA *vs.* VON PUECHELSTEIN.

1. An objection to a bill filed by a corporation, that it does not aver that the complainants are a corporation, is an objection of form which cannot be raised under a general demurrer for want of equity.

2. An averment of the corporate existence of the complainants is unnecessary.

3. A statement in the bill in reference to the execution of a mortgage by a corporation of the German Reformed Church that it was executed "through their trustees," under the "act to incorporate trustees of religious societies," *held* sufficient as a matter of pleading.

4. A general demurrer for want of equity overruled, with leave to file a new one, on the ground that the bill showed no title to a mortgage; unless complainants should amend.

On bill to foreclose and demurrer.

*Mr. J. M. Scovel* and *Mr. S. D. Dillaye,* for demurrant.

*Mr. J. E. P. Abbott,* for complainants.

THE CHANCELLOR.

The bill is filed to foreclose two mortgages on the same premises; one stated to have been given directly to the complainants by The German Reformed Church in Egg Harbor City, and the other by them, through their trustees, to "George Gelbach, treasurer of the Church Extension Fund of the

Reformed Church in the United States." The bill states that this latter mortgage was given by the same parties as the first, and that it was given "for the use and benefit of the German Reformed Church in America to the German Reformed Church in Egg Harbor City." The consideration of the second mortgage is not stated. That of the first is stated to have been a debt due from Henry Hotz, vice-president, and John Henry Fisher, secretary of the congregation of the German Reformed Church of Egg Harbor City, to Rev. Dr. J. H. A. Bomberger, of Philadelphia, in the State of Pennsylvania, president of the Board of Domestic Missions of the German Reformed Church in America. The bill alleges that the German Reformed Church of Egg Harbor City, in order to secure the payment of that money, with interest, made and executed under the hand and seal of their vice-president, attested by their secretary, a bond or obligation which they delivered to the complainants ; that the condition of the bond was that the "said congregation" should pay to "said Rev. Dr. J. H. A. Bomberger, president aforesaid, $1500 in five years, with $1.00 a year interest. It further states that in order to secure the payment of the money, The German Reformed Church of Egg Harbor City executed and delivered to the complainants a certain indenture of mortgage of even date with the bond, which mortgage was made between the former of the first part and the latter of the second part. The defendant, Louisa Baroness von Puechelstein, administratrix, is the owner of the equity of redemption of the mortgaged premises through purchase at sheriff's sale under an execution at law. She has filed a general demurrer for want of equity. On the argument the following causes of demurrer were assigned : that the bill does not aver that the complainants are a corporation, and that the mortgages are not (according to the bill) executed according to the requirements of the act under which the mortgagors are incorporated, (Nix. Dig., p. 804, § 13,) which provides that no deed or instrument of conveyance for any lands, tenements, hereditaments or real estate of the corporation shall be good and effectual in law unless it be sealed with the common seal, and signed by a majority of the corporators.

The first ground of demurrer is an objection of form, which cannot properly be raised under a general demurrer for want of equity. But to dispose of it: The complainants are not required to allege in their bill that they are a corporation. *Bennington Iron Co.* v. *Rutherford*, 3 *Harr.* 158; *Star Brick Co.* v. *Ridsdale*, 7 *Vroom* 229.

As to the second objection: The defendant's counsel insist that the mortgages were not executed in conformity with the provisions of the law under which the mortgagors were incorporated, and that they therefore have no validity as against the defendant. The first mortgage is stated to have been executed and delivered by the mortgagors to the mortgagees, the complainants. There is a statement as to the officers by whom and the manner in which the bond which that mortgage was given to secure was executed, but none as to the mortgage. The other mortgage is stated to have been executed by the German Reformed Church of Egg Harbor City, "through their trustees." The act declares, (*Nix. Dig.*, 804, § 11,) that the minister or ministers, elders and deacons for the time being of the church shall be the trustees thereof, and a body corporate and politic in law by whatever name they shall assume. As a matter of pleading, the statement of the bill in reference to the execution of the mortgages is sufficient.

But the bill alleges that the second mortgage was given to "George Gelbach, treasurer of the Church Extension Fund of the Reformed Church in the United States," and that it was given for "the use and benefit of the German Reformed Church in America *to* the German Reformed Church of Egg Harbor City." This statement is, in the latter part just quoted, unintelligible, probably from the use, by mistake, of the word "to" for the word "by." But apart from this, the complainants show no title to that mortgage. The bill alleges that it was given to the treasurer of the "Church Extension Fund of the Reform Church in the United States," for the use and benefit of The German Reformed Church in America, not for the use or benefit of the complainants, The Board of Domestic

Missions of the German Reformed Church in America. This objection, however, was not raised on the argument.

The demurrer is too extensive. It will, therefore, be overruled, with leave to file a new one, on the ground that the bill shows no title to the second mortgage; unless the complainants shall, within ten days from the time of filing the order overruling this demurrer, amend the bill in that respect.